IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:09-cv-00084-RLV-DSC

| | |
|---|---|
| ESTES EXPRESS LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CARPENTER DECORATING ) | |
| COMPANY, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Estes Express Lines, Inc.'s unopposed Motion for Default Judgment. (Doc. 16.)

Plaintiff is a common carrier regulated by the Surface Transportation Board (formerly the Interstate Commerce Commission ("ICC")). On July 22, 2009, Plaintiff filed its Complaint against Defendants Carpenter Decorating Company, Inc. ("Carpenter"), Doe Corporations 1–10, and John Does 1–10, alleging causes of action arising from unpaid freight charges. (Doc. 1.) On April 25, 2011, Plaintiff filed a Motion for Entry of Default against Defendant Carpenter (Doc. 10) and a Notice of Voluntary Dismissal as to Doe Corporations 1–10 and John Does 1–10 (Doc. 11). The following day, the Clerk of Court entered default as to Carpenter, and the remaining Defendants were terminated. Defendant Carpenter has yet to plead or appear, and after more than a year of inactivity, Plaintiff has requested entry of default judgment pursuant to Federal Rule of Civil Procedure 55, an award of $187,735.54 pursuant to a pricing agreement, interest at the federal judgment rate per annum from the date the Amended Complaint was filed, reasonable costs, and attorney's fees. (Docs. 8, 16.)

1

Upon default, the well-pleaded allegations of the Complaint relating to liability are taken as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). However, Defendant, by his default, does not admit conclusions of law or that the movants are entitled to the relief they seek. *See Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (stating that a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill"). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought . . . ." *Ryan*, 253 F.3d at 780.

Plaintiff contends that Defendant Carpenter, apparently as consignee on bills of lading, was liable for unpaid shipping charges pursuant to the bills of lading, a pricing agreement, and 49 U.S.C. § 13706.[1] (*See* Doc. 8 at 2–3.) Section 13706 provides that "[l]iability for payment of rates for transportation for a shipment of property by a shipper or consignor to a consignee other than the shipper or consignor, is determined under this section when the transportation is provided by a motor carrier under this part." 49 U.S.C. § 13706(a).

"Rates" as used in section 13706 does not mean the contractual amounts charged by any shipper for the transportation of any property. Instead, it "refers very specifically to the rates that motor carriers engaged in certain transportation activities must publish in a tariff, file with the

---

[1] Plaintiff's refers in paragraph nine of its Amended Complaint to "Defendant ROANOKE MANUFACTURING, INC.," which is not a defendant in this case, as the entity with which Plaintiff entered into the pricing agreement. It is not clear whether Roanoke Manufacturing was a consignor, and was indeed a party to the pricing agreement, or whether Plaintiff instead intended to refer to Defendant Carpenter as in paragraph ten, in which Plaintiff replaced its reference to Roanoke Manufacturing with a reference to Defendant Carpenter when amending its Complaint.

2

Surface Transportation Board, and universally honor." *Title Radiant Global Logistics, Inc. v. En Pointe Techs., Inc.*, No. CV 12-06078 (C.D. Cal. Aug. 14, 2012) (minute order remanding for want of subject-matter jurisdiction) (citing 49 U.S.C. § 13702). As the Court discussed in a prior Order (Doc. 17), and with two exceptions previously noted, the federal government no longer regulates the rates set by motor carriers. Because motor carriers' "rates for transportation" are not federally regulated in most cases, the liability for payment addressed in section 13706 generally does not apply to a freight-transportation contract. *See Cent. Transp. Int'l v. Sterling Seating, Inc.*, 356 F. Supp. 2d 786, 791 (E.D. Mich. 2005) ("[T]here is no federal question in this action because [the plaintiff motor carrier] has not alleged that it is seeking amounts due under a *filed* tariff.").

Here, Plaintiff has not alleged within its Amended Complaint that it is seeking to recover amounts due under a filed tariff; section 13706 is therefore inapplicable. Additionally, although the Court retains subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a),[2] Plaintiff, having insisted on a federal cause of action, has failed to include within its Amended Complaint information sufficient to permit the Court to determine what law to apply to what is in essence a breach-of-contract claim, namely, the *locus contractus*. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (holding that, in light of the *Erie* doctrine and their substantive nature, the conflict of laws rules to be applied by a federal court sitting in diversity must conform to those prevailing in the forum state); *Tanglewood Land Co. v. Byrd*, 261 S.E.2d 655, 656 (N.C. 1980) (holding that under North Carolina law, questions of contract construction and

---

[2] At the Court's direction, Plaintiff has articulated an alternative jurisdictional basis. (Doc. 18.) In doing so, Plaintiff has reiterated that the amount in controversy is $187,735.54. (*Id.* at 2; *see also* Doc. 16 at 1.) Within the Amended Complaint, the amount sought was not entirely clear. (*See* Doc. 1 at 3–4) (noting that Defendant has refused to pay freight charges in that amount but praying for relief only in the amount of $43,836.14, plus costs, fees, and interest).

3

interpretation are governed by the law of the state where the contract was made).[3] Therefore, default judgment cannot be entered.

Furthermore, the Court here provides Plaintiff with notice of its intention to invoke Federal Rule of Civil Procedure 12(b)(6) *sua sponte*. Plaintiff shall be afforded the opportunity to submit a written memorandum in opposition to such motion. Plaintiff shall submit the memorandum within one week of the date on which this Order is filed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 16) be **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff submit within one week of the date on which this Order is filed its memorandum opposing dismissal of the Amended Complaint.

Signed: March 25, 2013

Richard L. Voorhees
United States District Judge

---

[3] Having failed to attach to its Amended Complaint the Pricing Agreement, to which Defendant Carpenter was allegedly a party and which incorporates the "Rules Tariff" (Doc. 8-1), Plaintiff has denied the Court access to other basic information, such as whether Defendant was indeed a consignee and whether the Pricing Agreement called for "COLLECT" shipments. (*See* Doc. 8-1 at 48) (identifying such shipments as those for which the consignee would be liable to pay, as contrasted with "PREPAID" shipments for which the consignor would be liable).