IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:09-cv-00084-RLV-DSC

| | |
|---|---|
| ESTES EXPRESS LINES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CARPENTER DECORATING | ) |
| COMPANY, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff Estes Express Lines, Inc.'s Second Amended Complaint (Doc. 22) and Renewed Motion for Default Judgment (Doc. 23).

In the wake of several orders by this Court (Docs. 14, 17, 19, 21), Plaintiff has remedied the numerous defects noted (*see, e.g.*, Doc. 19 at 3–4), and its well-pleaded allegations of fact support the relief sought (*see generally* Doc. 22); *see also Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (stating that a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill").

On or about May 24, 2008, Plaintiff and Defendant Carpenter entered into a pricing agreement with regard to certain future shipments, which was issued by Plaintiff's pricing department in Richmond, Virginia, and which incorporated Plaintiff's "rules tariffs."[1] (Doc. 22 at 2; Doc. 22-1 at 1–2.) Pursuant to this agreement, and between the approximate dates of April 21, 2008, and January 19, 2009, the parties contracted for the transportation of goods via various bills of lading. Plaintiff transported such goods in accordance with these bills of lading, and the

---

[1] Plaintiff has dismissed without prejudice the "Doe" defendants, which are other entities or individuals who may be liable jointly and severally for the shipments alleged. (Doc. 22 at 2.)

1

goods were received by the designated consignees. (*Id.* at 2–3.) Defendant Carpenter has failed timely to pay the invoices and, pursuant to the rules tariffs, has incurred a number of late-payment charges and related adjustments and fees. (*Id.* at 3.) The freight charges have accordingly amounted to $187,735.54, plus accruing interest. (*Id.* at 3–4.)

**IT IS, THEREFORE, ORDERED** that Plaintiff's Renewed Motion for Default Judgment (Doc. 23) be **GRANTED**. Because the well-pleaded allegations and breach-of-contract theory of recovery support the relief sought, default judgment is hereby entered in favor of Plaintiff in the amount of $187,735.54, plus interest from the date of the Second Amended Complaint, July 17, 2013, at the federal statutory rate until the judgment is satisfied, as well as Plaintiff's costs in this matter. The Court declines to award attorney's fees.

Signed: August 22, 2013

Richard L. Voorhees
United States District Judge